# EXHIBIT A

SEALED



FILED

JUN 0 1 2017

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

1 | PHILLIP A. TALBERT
United States Attorney
2 | GRANT B. RABENN
PAUL A. HEMESATH
3 | Assistant United States Attorneys
2500 Tulare Street, Suite 4401
4 | Fresno, CA 93721
Telephone: (559) 497-4000
5 | Facsimile: (559) 497-4099

6 | KENNETH A. BLANCO
Acting Assistant Attorney General
7 | Criminal Division, United States Justice Department
LOUISA K. MARION
8 | Trial Attorney
Computer Crime and Intellectual Property Section
9 | Washington, DC 20530
Telephone: (202) 514-1026

10 |

11 | Attorneys for Plaintiff
United States of America

12 | IN THE UNITED STATES DISTRICT COURT

13 | EASTERN DISTRICT OF CALIFORNIA

14 |

15 | UNITED STATES OF AMERICA,

CASE NO. 1: 17 CR - 0 0 1 4 4 LJO SKO

16 | Plaintiff,

VIOLATIONS:
18 U.S.C. § 1962(d) – Conspiracy to Engage in a
Racketeer Influenced Corrupt Organization;
21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(C),
841(h), and 843(b) – Narcotics Conspiracy; 21 U.S.C.
§§ 841(a)(1), (b)(1)(C), & 846, and 18 U.S.C. § 2 –
Distribution of a Controlled Substance, Attempt, and
Aiding and Abetting (5 Counts); 21 U.S.C.
§§ 841(a)(1), (b)(1)(A), & 846, and 18 U.S.C. § 2 –
Distribution of a Controlled Substance, Attempt, and
Aiding and Abetting; 18 U.S.C. § 1028(f) –
Conspiracy to Commit Identity Theft and Fraud;
18 U.S.C. § 1028(a)(2), (b)(1)(A)(ii), & (f), and
18 U.S.C. § 2 – Unlawful Transfer of a False
Identification Document, Attempt, and Aiding and
Abetting (4 Counts); 18 U.S.C. § 1029(b)(2) –
Conspiracy to Commit Access Device Fraud;
18 U.S.C. § 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and
18 U.S.C. § 2 – Trafficking in Device Making
Equipment, Attempt, and Aiding and Abetting;
18 U.S.C. § 1956(h) – Money Laundering
Conspiracy; and 18 U.S.C. §§ 982(a)(1),
982(a)(2)(B), 1028(b), 1029(c)(1)(C), 1963(a)(1),
(a)(2), (a)(3), and 21 U.S.C. § 853(a) – Criminal
Forfeiture.

16 | v.

17 | ALEXANDRE CAZES,
18 | aka "ALPHA02,"
aka "ADMIN,"

19 | Defendant.



INDICTMENT

1

INDICTMENT

I.   GENERAL ALLEGATIONS

At all relevant times herein:

1.     Defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," is a Canadian citizen by birth, and obtained citizenship from Antigua and Barbuda in or around February 2017.  He has resided in or around Quebec, Canada, and Bangkok, Thailand.

2.     In or around July 2014, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," with other persons, known and unknown to the Grand Jury, created AlphaBay (also referred to as the "AlphaBay Market"), a dark-web marketplace designed to enable users to buy and sell illegal goods, including controlled substances, stolen and fraudulent identification documents and access devices, counterfeit goods, malware and other computer hacking tools, firearms, and toxic chemicals.  The site also allowed users to buy and sell illegal services, such as money laundering.  AlphaBay was used by thousands of vendors to distribute controlled substances and other illegal goods and services to buyers throughout the world, and to launder hundreds of millions of dollars deriving from these illegal transactions.  AlphaBay also provided a private, internal messaging service through which staff, vendors, and buyers could communicate, as well as an associated web forum called the "AlphaBay Market Forum."

3.     AlphaBay existed on the dark web, meaning it was accessible only through The Onion Router ("Tor") network, which anonymized the Internet Protocol ("IP") addresses of its underlying servers.  The use of Tor also made it difficult to identify the true physical locations of the website's administrators, moderators, and users.  AlphaBay required its users to transact in digital currencies, including Bitcoin, Monero, and Ethereum.  The site did not allow for transactions in official, government-backed currencies.

4.     Digital currencies are electronically sourced units of value that exist on the Internet and are not stored in a physical form.  They are not issued by any government, but instead are generated and controlled through computer software operating on decentralized peer-to-peer networks.  Users of digital currencies send units of value to and from "addresses," which are unique strings of numbers and letters functioning like a public account number.  Digital currency transactions are recorded on a publicly

1  available, distributed ledger, often referred to as a "blockchain." Because digital currencies are

2  transferred peer-to-peer, users can avoid traditional, regulated financial institutions, which collect

3  information about their customers and maintain anti-money laundering and fraud programs. AlphaBay

4  and its users were able to bypass the traditional financial systems by only accepting digital currencies.

5       5.     AlphaBay required its users, both vendors and buyers, to execute transactions through

6  digital currency addresses hosted and ultimately controlled by the site. Before purchasing a good or

7  service, a buyer would load funds to an AlphaBay-controlled digital currency address. Once loaded,

8  AlphaBay credited the user's account by that amount. A buyer could initiate a purchase by selecting an

9  illegal good or service from a vendor and sending funds from their AlphaBay user account to an escrow

10  account controlled and maintained by AlphaBay. Upon receipt of an illegal good or service, the buyer

11  would notify AlphaBay that the transaction was completed. AlphaBay would then release the funds

12  from the escrow account to the vendor's AlphaBay account. From that point, a vendor could direct

13  AlphaBay to transfer the ill-gotten funds to digital currency addresses outside of the AlphaBay platform

14  and under the vendor's control. Buyers could transfer funds from their AlphaBay accounts in the same

15  manner. For transactions leaving the site, AlphaBay provided "tumbling" and "mixing" services to

16  attempt to obscure the historical trail of digital currency associated with the site and its users. AlphaBay

17  also advertised other external mixing and tumbling services to its users.

18       6.     AlphaBay's user interface was configured like a conventional e-commerce website.

19  Users could sign up for free and provide a screen name and password of their choosing. The site

20  encouraged users to not include any information in their profile that could reveal their true identities.

21  AlphaBay provided a search tool allowing users to choose the type of illegal good or service they

22  wanted to purchase. Users could also search by price ranges, popularity of items, vendors, origin or

23  shipping country, and payment types. Further, AlphaBay's homepage allowed users to browse

24  categories of illegal goods, with categories including: fraud, drugs and chemicals, counterfeit items,

25  weapons, carded items, i.e., stolen credit card numbers and other access devices, services, software and

26  malware.

27       7.     To become a vendor, a user was required to send a refundable vendor bond to the site.

28  AlphaBay allowed for users to leave "positive," "neutral," and "negative" feedback about vendors,

INDICTMENT                                          3

1   which other users could use in choosing which vendors they would buy from.  If a vendor or buyer

2   disputed a transaction, AlphaBay provided dispute settlement services, and could permanently block

3   vendors or buyers from carrying out future transactions on the site.  To sell illegal goods or services on

4   AlphaBay, vendors could simply create listings on the site for buyers to see and then transact with

5   buyers, as described above.

6          8.      As agreed to by all vendors, AlphaBay took a percentage of the purchase price as a

7   commission on the illegal transactions conducted through its website.  ALEXANDRE CAZES, aka

8   "ALPHA02," aka "ADMIN," and other operators and employees of the site, controlled and profited

9   from those commissions, which were worth at least tens of millions of dollars.

10                            **THE ENTERPRISE**

11          9.      Defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and others known

12   and unknown to the Grand Jury, were members and associates of a criminal organization, hereafter, the

13   "ALPHABAY ORGANIZATION," whose members engaged in acts of: drug trafficking; trafficking in

14   counterfeit and stolen identification documents, counterfeit goods, unauthorized access devices, device-

15   making equipment, and malware and other computer hacking tools; illegal firearms distribution; and

16   money laundering, and whose members interfered with interstate and foreign commerce through acts of:

17   drug trafficking; trafficking in counterfeit and stolen identification documents, counterfeit goods,

18   unauthorized access devices, and device-making equipment, and malware and other computer hacking

19   tools; illegal firearms distributions; and money laundering.  Members and associates of the ALPHABAY

20   ORGANIZATION operated throughout the world, including in Bangkok, Thailand, and in the Counties

21   of Fresno, Merced, ████ and ████ within the State and Eastern District of California.

22          10.     The ALPHABAY ORGANIZATION, including its leadership, members, and associates,

23   constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4), that is, a group

24   of individuals associated in fact, although not a legal entity.  The enterprise constituted an ongoing

25   organization whose members functioned as a continuing unit for a common purpose of achieving the

26   objectives of the enterprise.  The enterprise was engaged in, and its activities affected, interstate and

27   foreign commerce.

28   ///

**PURPOSES OF THE ENTERPRISE**

11.    The purposes of the enterprise included, but were not limited to, the following:

      A.     to create, maintain, and control a dark-web marketplace for trafficking in narcotics, counterfeit and stolen identification documents, unauthorized access devices, counterfeit goods, device-making equipment, malware and other computer hacking tools, illegal firearms, and other illegal goods and services, and to launder the proceeds of such conduct;

      B.     to enrich the leaders, members, and associates of the enterprise by taking a commission from each illegal transaction conducted through the dark-web marketplace created, maintained, and controlled by the enterprise;

      C.     to promote and enhance the reputation and standing of the enterprise and its leaders, members, and associates;

      D.     to preserve and protect the enterprise's profits and client base through acts of money laundering; and

      E.     to protect the enterprise and its leaders, members, and associates from detection, apprehension, and prosecution by law enforcement, and from attacks by enemies, such as hackers and rival dark-web marketplaces.

**MEANS AND METHODS OF THE ENTERPRISE**

12.    The means and methods by which defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other members and associates of the enterprise conducted and participated in the conduct of the affairs of the enterprise included, but were not limited to, the following:

      A.     Members and associates of the ALPHABAY ORGANIZATION distributed, and facilitated the distribution of, controlled substances, including marijuana, heroin, cocaine, fentanyl, and methamphetamines, through the AlphaBay website.

      B.     Members and associates of the ALPHABAY ORGANIZATION distributed, and facilitated the distribution of, counterfeit and stolen identification documents, unauthorized access devices, counterfeit goods, device-making equipment, and malware and other computer hacking tools.

C.   Members and associates of the ALPHABAY ORGANIZATION facilitated the provision of illegal services, including money laundering and "swatting," i.e., bomb threats and false reports to law enforcement.

D.   Members and associates of the ALPHABAY ORGANIZATION illegally sold, and facilitated the illegal sale of, firearms and firearm parts.

E.   Members and associates of the ALPHABAY ORGANIZATION laundered money through the AlphaBay website by maintaining and controlling digital currency addresses through which customers paid vendors on the AlphaBay website, and providing mixing and tumbling services for digital currency transactions from the AlphaBay-hosted digital currency addresses to addresses outside of the AlphaBay website.  Members and associates of the ALPHABAY ORGANIZATION also laundered money by taking a percentage of all illegal transactions as a commission, and sending those commissions to members and associates of the ALPHABAY ORGANIZATION as salary payments.  Further, members and associates of the ALPHABAY ORGANIZATION laundered money by sending their proceeds from administering the AlphaBay website to digital currency exchangers, where the funds were converted into official, fiat currency and spent on personal goods and services.

F.   Members and associates of the ALPHABAY ORGANIZATION used various means of communication designed to protect the membership's anonymity and to provide security for the criminal organization from attack by hackers, other criminal organizations, and from law enforcement, including but not limited to:

   i.   An internally hosted messaging service on the AlphaBay website, which was controlled by the ALPHABAY ORGANIZATION;

   ii.   An internally hosted forum called the "AlphaBay Market Forum," which was controlled by the ALPHABAY ORGANIZATION;

   iii.   Private messaging, including through Jabber, an encrypted instant messaging and multi-user conferencing technology;

INDICTMENT

6

iv.    "Pretty Good Privacy" ("PGP") encryption, which was required for all vendor communications and encouraged for all other users;

v.    Proxies, which bounced network traffic from one computer to another to hide a member's true originating IP address, including through the Tor network;

vi.    Multiple contingency Uniform Resource Locators ("URLs") on the Tor network for redundancy in case of seizure by law enforcement or attack by enemies, such as through a distributed denial of service ("DDOS") attack;

vii.    Virtual Private Networks ("VPNs"), which are similar to proxies, but with the addition of creating an encrypted tunnel; and

viii.    Public websites, including Reddit (at "www.reddit.com").

G.    Members and associates of the ALPHABAY ORGANIZATION used digital currencies, including Bitcoin, to facilitate illegal transactions on the website, to protect the membership's anonymity, and to facilitate the laundering of the membership's ill-gotten gains.  Members and associates of the enterprise also provided mixing and tumbling services for the website's users, which assisted them in attempting to obscure the historical trail of digital currencies transferred from user accounts on the website to privately held digital currency addresses outside of the site's purview.

## ROLE OF THE DEFENDANT AND CO-CONSPIRATORS

13.    Leaders, members, and associates of the ALPHABAY ORGANIZATION had defined roles in the enterprise.  At all times relevant to this indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," (herein "CAZES") and other persons, known and unknown to the Grand Jury, participated in the operation and management of the enterprise as follows:

**Administrator:**

14.    Defendant CAZES created and founded the ALPHABAY ORGANIZATION and its online platform, which included the AlphaBay Market and the AlphaBay Market Forum.  CAZES began

1  creating the AlphaBay online platform in or around July 2014, and, with other persons, known and
2  unknown to the Grand Jury, publicly launched the site in or around December 2014. CAZES served as
3  the leader of the managers and operators of the criminal organization, who, collectively, controlled the
4  destiny of the enterprise.

5       15.    CAZES had ultimate control of the ALPHABAY ORGANIZATION, including its
6  membership. CAZES had final authority to delete the accounts of moderators, vendors, and buyers on
7  the website and forum. CAZES also had final authority in settling disputes among moderators, vendors,
8  and other users of the website. CAZES was ultimately responsible for the website's operational security
9  and technology updates. CAZES controlled the ALPHABAY ORGANIZATION's earnings, which
10 derived primarily from a commission it made on every transaction occurring through the website. He
11 also had final control over salary payments to the staff members in the ALPHABAY ORGANIZATION,
12 which were made in digital currencies, such as Bitcoin.

13 **Security Administrator:**

14      16.    The ALPHABAY ORGANIZATION employed a "security administrator" responsible
15 for administering the AlphaBay online platform with CAZES. The security administrator had high-level
16 access to the website and, with CAZES, was responsible for the website's operational security and
17 technology updates. The security administrator also had partial control of moderator, vendor, and other
18 users' accounts on the AlphaBay online platform.

19 **Moderators:**

20      17.    The ALPHABAY ORGANIZATION employed moderators to review and moderate
21 disputes among vendors and buyers on the website. Moderators had access to portions of the AlphaBay
22 platform that were not available to the general public. Moderators had the authority to refund payments
23 from buyers on the website, to restore a user's access to the site, to engage in staff-only discussions and
24 meetings, and to view the amount of digital currency available to other members of the ALPHABAY
25 ORGANIZATION. Moderators were paid based in part on the amount of work they performed for the
26 ALPHABAY ORGANIZATION.

27 ///

28 ///

**Scam Watch:**

18.     The ALPHABAY ORGANIZATION employed "scam watchers" responsible for monitoring and quashing phishing attempts and other scams being carried out on the AlphaBay online platform.

**Public Relations Manager:**

19.     The ALPHABAY ORGANIZATION employed a public relations manager responsible for outreach to the website's users and the broader dark-web community.  The public relations manager posted updates about the website on the internally hosted AlphaBay Market Forum, and on public websites, such as Reddit.  The public relations manager also assisted the website's users with issues they had with the website, such as dispute settlement.

**Vendors:**

20.     The ALPHABAY ORGANIZATION facilitated the sale of illegal goods and services on its website.  Those sales were made by vendors.  Vendors were users who had paid a refundable vendor bond and were thus given permission to create listings for the sale of illegal goods and services.  Vendors were assigned "trust levels" by the AlphaBay website based on several factors, including the amount of goods sold and reviews from customers.  As alleged above, vendors received payments from customers through digital currency addresses hosted by the AlphaBay website.  A percentage of all payments were kept by the ALPHABAY ORGANIZATION.  Further, vendors communicated with their customers through an encrypted, internal messaging service hosted by the AlphaBay website.  In addition, vendors used AlphaBay moderators and other employees to assist in settling disputes with customers.

COUNT ONE:    [18 U.S.C. § 1962(d) – Conspiracy to Engage in a Racketeer Influenced Corrupt Organization]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

21.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

22.     Beginning no later than in or around July 2014 and continuing to in or around June 2017, in the Counties of Fresno, Merced, ███████████████ in the State and Eastern District of California and elsewhere, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," with other persons, known and unknown to the Grand Jury, being persons employed by and associated with the ALPHABAY ORGANIZATION, an enterprise, which engaged in, and the activities of which affected, interstate and foreign commerce, knowingly and intentionally conspired to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and (5), consisting of multiple acts indictable under 18 U.S.C. § 1028 (fraud in connection with identification documents), 18 U.S.C. § 1029 (fraud in connection with access devices), and 18 U.S.C. §§ 1956, 1957 (money laundering); and multiple offenses involving narcotics trafficking, in violation of 21 U.S.C. §§ 841, 843, and 846 (drug trafficking, use of a communication facility, and conspiracy).

23.     It was a part of the conspiracy that defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," agreed that at least two acts of racketeering activity would be committed by a conspirator in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

COUNT TWO:   [21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), & (b)(1)(C), 841(h), and 843(b) –
                        Narcotics Conspiracy]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

24.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

25.     Beginning no later than in or around July 2014 and continuing to in or around June 2017,

in the Counties of Fresno, Merced, ███████████████ within the State and Eastern District of California, and elsewhere, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons, known and unknown to the Grand Jury, to violate, Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(C), 841(h), and 843(b), all in violation of Title 21, United States Code, Section 846.

26.    It was a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did distribute controlled substances, including but not limited to: marijuana, heroin, cocaine, fentanyl, and methamphetamines, on AlphaBay, a dark-web marketplace, and did aid and abet such distribution, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A), and (b)(1)(C), and Title 18, United States Code, Section 2.

27.    It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did deliver, distribute, and dispense controlled substances, including but not limited to: marijuana, heroin, cocaine, fentanyl, and methamphetamines, by means of the Internet, including through AlphaBay, a dark-web marketplace, in a manner not authorized by law, and did aid and abet such conduct, in violation of Title 21, United States Code, Section 841(h), and Title 18, United States Code, Section 2.

28.    It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did knowingly and intentionally use a communication facility, including AlphaBay, a dark-web marketplace, in committing and in causing and facilitating the commission of acts constituting a felony under Title 21, United States Code, Sections 841 and 846, and did aid and abet such conduct, in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

29.     The controlled substances ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," conspired to distribute included, among others: at least one kilogram of mixtures and substances containing a detectable amount of heroin, a Schedule I controlled substance; at least 50 grams of methamphetamine (actual), a Schedule II controlled substance; and at least 1,000 kilograms of marijuana, a Schedule I controlled substance.

All in violation of Title 21, United State Code, Section 846.

COUNT THREE:    [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

30.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

31.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Merced, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and intentionally distribute, and aid and abet the distribution of, marijuana, a Schedule I controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "CC4L" | "MG," an undercover agent | 12/29/2015 | 12/31/2015 | Merced, California to Buffalo, New York | Marijuana |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

///

///

1

COUNT FOUR:    [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of
a Controlled Substance, Attempt, and Aiding and Abetting]

2

3

The Grand Jury further charges:

4

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

5

defendant herein, as follows:

6

32.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

7

33.    On the dates set forth in the table below, the defendant, with other persons, known and

8

9

unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California,

10

and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

11

intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance.

12

13

| **AlphaBay Vendor** | **AlphaBay Buyer** | **Appx. Purchase Date** | **Appx. Mailing Date** | **Appx. Mailing Locations** | **Controlled Substance** |
|---|---|---|---|---|---|
| "A51" | ██████ an undercover agent | 05/16/2016 | 05/20/2016 | Brooklyn, New York to Fresno, California | Heroin |

14

15

16

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and

17

Title 18, United States Code, Section 2.

18

COUNT FIVE:    [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a
Controlled Substance, Attempt, and Aiding and Abetting]

19

20

The Grand Jury further charges:

21

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

22

defendant herein, as follows:

23

24

34.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

25

35.    On the dates set forth in the table below, the defendant, with other persons, known and

26

unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California,

27

and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

28

intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "A51" | ▮▮▮ an undercover agent | 05/24/2016 | 05/27/2016 | Brooklyn, New York to Fresno, California | Heroin |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

COUNT SIX:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

36.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

37.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and intentionally distribute, and aid and abet the distribution of, heroin, a Schedule I controlled substance, and fentanyl, a Schedule II controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| "BSB" | ▮▮▮ an undercover agent | 10/20/2016 | 10/25/2016 | San Francisco, California to Fresno, California | Heroin and Fentanyl |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

///

INDICTMENT                                                    14

COUNT SEVEN:   [21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

38.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

39.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and intentionally distribute, and aid and abet the distribution of, marijuana, a Schedule I controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| ▉ | ▉ an undercover agent | ▉ 2016 | ▉ 2016 | Los Angeles, California to ▉ California | Marijuana |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

COUNT EIGHT:   [21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and 18 U.S.C. § 2 – Distribution of a Controlled Substance, Attempt, and Aiding and Abetting]

The Grand Jury further charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

40.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

41.     On the dates set forth in the table below, the defendant, with other persons, known and unknown to the Grand Jury, in the County of Fresno, within the State and Eastern District of California, and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and

intentionally distribute, and aid and abet the distribution of at least 50 grams of methamphetamine (actual), a Schedule II controlled substance.

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Mailing Date | Appx. Mailing Locations | Controlled Substance |
|---|---|---|---|---|---|
| ▮ | ▮ an undercover agent | ▮ 2017 | ▮ 2017 | ▮, California to ▮ California | Methamphetamine (actual) (more than 50 grams) |

All in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and Title 18, United States Code, Section 2.

COUNT NINE:   [18 U.S.C. § 1028(f) – Conspiracy to Commit Identity Theft and Fraud Related to Identification Documents]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

42.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

43.     Beginning in or around July 2014 and continuing to in or around June 2017, in the County of ▮ within the State and Eastern District of California, and elsewhere, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons, known and unknown to the Grand Jury, to violate Title 18, United States Code, Sections 1028(a)(2) & (f), and Title 18, United States Code, Section 2, all in violation of Title 18, United States Code, Section 1028(f).

44.     It was a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did knowingly transfer false identification documents knowing that such documents were produced without lawful authority, and the transfer of such identification documents was in and affected interstate and foreign commerce, and did aid and abet such transfers, in violation of Title 18, United States Code,

Section 1028(a)(2), (b)(1)(A)(ii), and (f); and Title 18, United States Code, Section 2.

45.     In furtherance of the conspiracy and to effectuate the objects and purposes of the conspiracy, the following overt acts, in addition to others, were committed in the Eastern District of California, and elsewhere:

a.     In or around December 2014, the defendant, with others, known and unknown to the Grand Jury, publicly launched AlphaBay, a dark-web marketplace allowing for and facilitating the sale and transfer of counterfeit and stolen identification documents and authentication features.

b.     From in or around December 2014 continuing through in or around June 2017, the defendant, with others, known and unknown to the Grand Jury, collected a commission on all sales made through the AlphaBay website.

c.     On or about ███████ 2015, AlphaBay vendor ██████ mailed a false ███████ State Driver license from in or around ████████████ to an undercover law enforcement officer operating on AlphaBay as user ██████ in or around ███████ California.

d.     On or about ███████ 2016, AlphaBay vendor ██████ mailed two false ███████ State Driver licenses from in or around ████████████ to an undercover law enforcement officer operating on AlphaBay as user ██████ in or around ███████ California.

e.     On or about ███████ 2016, AlphaBay vendor ██████ mailed a false ███████ State Driver license from in or around ████████████ to an undercover law enforcement officer operating on AlphaBay as user ██████ in or around ███████ California.

All in violation of Title 18, United States Code, Section 1028(f).

///
///
///
///

1  COUNTS TEN THROUGH THIRTEEN:  [18 U.S.C. § 1028(a)(2), (b)(1)(A)(ii), & (f), and 18 U.S.C.
2                                                    § 2 – Unlawful Transfer of a False Identification Document,
                                                     Attempt, and Aiding and Abetting]

3         The Grand Jury further charges:

4                                    ALEXANDRE CAZES,
5                              aka "ALPHA02," aka "ADMIN,"

6  defendant herein, as follows:

7         46.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

8         47.    On the dates set forth in the table below, the defendant, with other persons, known and

9  unknown to the Grand Jury, in the County of ▓▓▓▓ within the State and Eastern District of California,

10 and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly transfer

11 false identification documents as defined in 18 U.S.C. § 1028(d)(4), to wit: false ▓▓▓▓ State Driver

12 licenses, as set forth in the table below, knowing that such documents were produced without lawful

13 authority, and the transfers of such identification documents were in and affected interstate and foreign

14

15 commerce.

16

17

| Count | On or About Transfer Date | Document Type/ Appx. Mailing Locations | AlphaBay Vendor | AlphaBay Buyer |
|---|---|---|---|---|
| Ten | ▓▓ 2015 | False ▓▓▓▓ State Driver license mailed from ▓▓▓▓ | ▓▓ | ▓▓ an undercover agent, in ▓▓ California |
| Eleven | ▓▓ 2016 | False ▓▓▓▓ State Driver license mailed from ▓▓▓▓ | ▓▓ | ▓▓ an undercover agent, in ▓▓ California |
| Twelve | ▓▓ 2016 | False ▓▓▓▓ State Driver license mailed from ▓▓▓▓ | ▓▓ | ▓▓ an undercover agent, in ▓▓ California |
| Thirteen | ▓▓ 2016 | False ▓▓▓▓ State Driver license mailed from ▓▓▓▓ | ▓▓ | ▓▓ an undercover agent, in ▓▓ California |

26         All in violation of Title 18, United States Code, Section 1028(a)(2), (b)(1)(A)(ii), and (f), and

27 Title 18, United States Code, Section 2.

28

INDICTMENT                                       18

1    COUNT FOURTEEN:    [18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud]

2         The Grand Jury charges:

3                              ALEXANDRE CAZES,
                             aka "ALPHA02," aka "ADMIN,"
4
     defendant herein, as follows:
5
6         48.    Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

7         49.    Beginning in or around July 2014 and continuing to in or around June 2017, in the

8    County of ▮▮▮▮ within the State and Eastern District of California, and elsewhere, ALEXANDRE

9    CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons,

10   known and unknown to the Grand Jury, to violate Title 18, United States Code, Sections 1029(a)(2),

11   (a)(4), and Title 18, United States Code, Section 2.

12        50.    It was a part and object of the conspiracy that ALEXANDRE CAZES,

13   aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and

14   did knowingly and with the intent to defraud, traffic in, have control and custody over, and possess

15   device-making equipment, as defined in Title 18, United States Code, Section 1029(e)(6), affecting

16   interstate and foreign commerce, and did aid and abet such conduct, in violation of Title 18, United

17   States Code, Section 1029(a)(4) and (c)(1)(A)(ii), and Title 18, United States Code, Section 2.

18        51.    It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka

19   "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, would and did

20   knowingly and with the intent to defraud, traffic in one or more unauthorized access devices, as defined

21   in Title 18, United States Code, Section 1029(e)(3), during any one-year period, and by such conduct

22   obtained anything of value aggregating to $1,000 or more during that period, affecting interstate and

23   foreign commerce, and did aid and abet such conduct, in violation of Title 18, United States Code,

24   Section 1029(a)(2) and (c)(1)(A)(i), and Title 18, United States Code, Section 2.

25        52.    In furtherance of the conspiracy and to effectuate the objects and purposes of the

1  conspiracy, the following overt acts, in addition to others, were committed in the Eastern District of

2  California, and elsewhere:

3      a.      In or around December 2014, the defendant, with others, known and unknown to the

4  Grand Jury, publicly launched AlphaBay, a dark-web marketplace allowing for and facilitating

5

6  the sale of device-making equipment and unauthorized access devices.

7      b.      From in or around December 2014 continuing through in or around June 2017, the

8  defendant, with others, known and unknown to the Grand Jury, collected a commission on all

9  sales made through the AlphaBay website.

10     c.      On or about ████████2015, AlphaBay vendor ████ mailed a ████████

11 automated teller machine skimming device from in or around ████████ to AlphaBay

12 user ████ an undercover law enforcement agent located in or around ████California.

13

14 All in violation of Title 18, United States Code, Section 1029(b)(2).

15 COUNT FIFTEEN:   [18 U.S.C. § 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and 18 U.S.C. § 2 –
                              Trafficking in Device Making Equipment, Attempt, and Aiding and Abetting]

16

17     The Grand Jury further charges:

                              ALEXANDRE CAZES,
18                         aka "ALPHA02," aka "ADMIN,"

19 defendant herein, as follows:

20     53.     Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

21     54.     On the dates set forth in the table below, the defendant, with other persons, known and

22 unknown to the Grand Jury, in the County of ████within the State and Eastern District of California,

23 and elsewhere, through AlphaBay, a dark-web marketplace, did, and attempted to, knowingly and with

24 the intent to defraud, traffic in, have control and custody over, and possess device-making equipment, as

25 defined in subsection (e)(6), as set forth in the table below, affecting interstate and foreign commerce,

26

27 and aided and abetted such conduct.

28

| AlphaBay Vendor | AlphaBay Buyer | Appx. Purchase Date | Appx. Transfer Date | Appx. Mailing Locations | Unauthorized Access Device |
|---|---|---|---|---|---|
| ████ | ████ an undercover agent | ████/2015 | ████/2015 | ████ to California | automated teller machine skimming device |

All in violation of Title 18, United States Code, Sections 1029(a)(4), (b)(1), & (c)(1)(A)(ii), and Title 18, United States Code, Section 2.

COUNT SIXTEEN:   [18 U.S.C. § 1956(h) – Money Laundering Conspiracy]

The Grand Jury charges:

ALEXANDRE CAZES,
aka "ALPHA02," aka "ADMIN,"

defendant herein, as follows:

55.   Paragraphs 1 through 20 are incorporated by reference as fully set forth herein.

56.   As described above, AlphaBay, a dark-web marketplace, hosted digital currency addresses for its users, both vendors and buyers, to carry out illegal transactions, including money laundering services.  AlphaBay also provided tumbling and mixing services to obscure the historical trail of digital currency associated with the site and its users, some of whom were located in the Eastern District of California.  Further, as described above, AlphaBay took a percentage on all illegal transactions occurring through its site as a commission, which went to the defendant and other operators of the site.  In addition, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and co-conspirators, moved their ill-gotten profits throughout the world, including to and from Thailand.

57.   Beginning in or around July 2014 and continuing to in or around June 2017, in the Counties of Fresno, Merced, and ████ within the State and Eastern District of California, and elsewhere, ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," did knowingly and intentionally conspire with other persons, known and unknown to the Grand Jury, to commit money laundering, in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 1957.

58.   It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, did knowingly conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activities, including: distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of such specified unlawful activity, and that while conducting the financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

59.   It was further a part and object of the conspiracy that ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," and other persons, known and unknown to the Grand Jury, did knowingly engage in monetary transactions involving criminally derived property, through a financial institution, affecting interstate and foreign commerce, of a value greater than $10,000, such property having been derived from specified unlawful activities, including: distribution of a controlled substance in violation of Title 21, United States Code, Section 841(a)(1), in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

FORFEITURE ALLEGATION:   [18 U.S.C. §§ 982(a)(1), 982(a)(2)(B), 1028(b), 1029(c)(1)(C), 1963(a)(1), (a)(2), (a)(3), and 21 U.S.C. § 853(a) – Criminal Forfeiture]

60.   Upon conviction of the offense alleged in Count One of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States pursuant to Title 18, United States Code, Sections 1963(a)(1), 1963(a)(2), and 1963(a)(3), any interest the defendant acquired or maintained in violation of Title 18, United States Code, Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant established, operated, controlled, conducted, or participated in

the conduct of, in violation of Title 18, United States Code, Section 1962, as a result of this offense; and any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

61.     Upon conviction of one or more of the offenses alleged in Counts Two through Eight of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

a.     All right, title, and interest in any and all property involved in violations of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), 841(h), 843(b), and 846 or a conspiracy to commit such offenses, for which defendant is convicted, and all property traceable to such property, including all real or personal property, which constitutes or is derived from proceeds obtained, directly or indirectly, as a result of such offenses; and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

b.     A sum of money equal to the total amount of proceeds obtained as a result of the offenses, or conspiracy to commit such offenses, for which defendant is convicted.

62.     Upon conviction of one or more of the offenses alleged in Counts Nine through Thirteen of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violations; and pursuant to Title 18, United States Code, Section 1028(b), any personal property used or intended to be used to commit the offenses.

63.     Upon conviction of one or more of the offenses alleged in Counts Fourteen and Fifteen of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violations; and pursuant to Title 18, United States Code, Section 1029(c)(1)(C), any personal property used or intended to be used to commit the offenses.

64.     Upon conviction of the offense alleged in Count Sixteen of this Indictment, defendant ALEXANDRE CAZES, aka "ALPHA02," aka "ADMIN," shall forfeit to the United States, pursuant to

1  Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offense,

2  and any property traceable to such property, including but not limited to the following:

3      a.   A sum of money equal to the amount of money involved in the offense, for which

4  defendant is convicted.

5      65.  If any property subject to forfeiture, as a result of the offenses alleged in Counts One

6  through Sixteen of this Indictment, for which defendant is convicted:

7      a.   cannot be located upon the exercise of due diligence;

8      b.   has been transferred or sold to, or deposited with, a third party;

9      c.   has been placed beyond the jurisdiction of the Court;

10     d.   has been substantially diminished in value; or

11     e.   has been commingled with other property which cannot be divided without

12          difficulty;

13  it is the intent of the United States, pursuant to Title 18, United States Code, Sections 982(b)(1), and

14  1963(m), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other

15  property of defendant, up to the value of the property subject to forfeiture.

16

17  A TRUE BILL.
    /s/ Signature on file w/AUSA

18  _____
    FOREPERSON

19  PHILLIP A. TALBERT              KENNETH A. BLANCO
20  United States Attorney          Acting Assistant Attorney General, Criminal
                                    Division
21  By: _____
22  KIRK E. SHERRIFF               JOHN T. LYNCH, JR.
    Assistant United States Attorney  Chief, Computer Crime & Intellectual Property
23  Chief, Fresno Division          Section

24                                  By: _____
25                                  LOUISA K. MARION
                                    Trial Attorney
26                                  Computer Crime & Intellectual
                                    Property Section
27                                  United States Department of Justice

28

INDICTMENT                         24

Exhibit B

Real property located at Villa Torcello, 28/18 Moo 6, Kamala, Kathu, Phuket 83150, Thailand

More fully described as:

Plot E, under the Certificate of Utilization (Nor. Sor 3 Gor) No. 1581, Land No. 100 Kamala Sub District, Kathu District Phuket Province, Thailand

Exhibit C

Real property located at 139918 Granada Pin Klao-Phet Kasem Housing Estate, Kanchana Phisk Road, Khwaeng Bang Khae Nua, Khet Bang Khae, Bangkok, Thailand


More fully described as:

Land Title Deed No. 22472
Land No. 206
Bangkae Nua Subdistrict,
Bangkee District, Bangkok Province in the area of 0 Rai Ngan 25.2 Square Wah House number 1399/8 Granda Pin Klao-Phet Kasem Housing Estate Kanchana Phisek Road Khwaeng Bang Khae Nua, Khet Bang Khae Bangkok, Thailand

# EXHIBIT D

FORM 2 A

## ANTIGUA and BARBUDA
### Registration of Condominium Titles Act 1973

## CERTIFICATE OF TITLE

| REGISTRATION SECTION | BLOCK | PARCEL |
|---|---|---|
| ST. PHILLIPS SOUTH | 32 3286A | 255 |

**CONDOMINIUM PLAN NO.**  C-200800017          **CONDOMINIUM LOT NO.**  9

**THIS IS TO CERTIFY THAT**   ALEXANDRE CAZES

**of** 98/181 Pruklada Project 1 Village, The Kham  Alley, Tha Kham Sub-District, Bang Kun Thian District, Bangkok Metropolis 10150

is/are now registered as proprietors(s) of the above mentioned subject to the entries in the register relating to the **registered condo/plan** and to such of the overriding interests set forth in section 28 of the Registered Land Act, 1975 as may for the time being subsist and affect the condominium lot; and the proprietors share in the common property is **one (1) share**

As the date hereof the following entries appear in the register relating to the condominium lot

PART A — Property Section *(easements, etc.)*

NONSUCH BAY CONDOMINIUM
C-2000800017
Dated 13th June, 2008

PART B — Proprietorship Section *(inhibitions, cautions and restrictions.)*

NIL



PART C — Incumbrances Section *(leases, charges, etc.)*
This Condominium Register is related to Condominium Plan No. C-200800017 in the name of NONSUCH BAY CONDOMINIUMS.

..............................................
Registrar of Lands

Given under my hand and the seal of the Land Registry

this   **2nd**   day of      **February, 2017**   KK

..............................................
*Registrar of Lands.*