1  PHILLIP A. TALBERT
   United States Attorney
2  GRANT B. RABENN
   PAUL A. HEMASATH
3  KEVIN C. KHASIGIAN
   Assistant U. S. Attorneys
4  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
5  Telephone: (559) 497-4000

6  KENNETH A. BLANCO
   Acting Assistant Attorney General
7  Criminal Division, United States Justice Department
   LOUISA K. MARION
8  Trial Attorney
   Computer Crime and Intellectual Property Section
9  Washington, DC 20530
   Telephone: (202) 514-1026
10
   Attorneys for Plaintiff
11 United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:17-CV-00967-LJO-SKO |
| Plaintiff, | |
| v. | POST-COMPLAINT PROTECTIVE ORDER |
| ALEXANDRE CAZES, a/k/a "Alpha02," a/k/a "Admin," | |
| Defendant, | |
| 2013 LAMBORGHINI AVENTADOR LP700-4, VIN: ZHWEC1476CLA01032, BANGKOK REGISTERED PLATE NUMBER: 4 KOR KAI TOR TUNG – 3620 BANGKOK, et al., | |
| Defendants-in-rem. | |

///

///

# **POST-COMPLAINT PROTECTIVE ORDER**

The United States has made an *ex parte* application to this Court, pursuant to 18 U.S.C. § 983(j)(1)(A), for a restraining order to preserve the availability of certain real property that is subject to forfeiture in the above-styled civil forfeiture action. In particular, the United States requests a restraining order to preserve the following real properties ("Subject Properties"):

- 514, Soi 28 off Phutta Monthon Sai 3 Road Khwaeng Sala Thammasop, Khet Thawee Watthana, Bangkok, Thailand
- 522, Soi 28 off Phutta Monthon Sai 3 Road Khwaeng Sala Thammasop, Khet Thawee Watthana, Bangkok, Thailand
- Villa Torcello, 28/18 Moo 6, Kamala, Kathu, Phuket 83150, Thailand
- 1399/8 Granada Pin Klao-Phet Kasem Housing Estate, Kanchana Phisk Road, Khwaeng Bang Khae Nua, Khet Bang Khae, Bangkok, Thailand
- Villa 1 at the Sea Pearl Residences, Paralimni Famagusta, Cyprus
- #302 Nonsuch Bay Condominiums (C-200080017, LOT #9), St. Phillips South, Antigua and Barbuda.

Based upon the Government's application and the filing of the civil forfeiture Complaint, it is hereby ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 18 U.S.C. 983(j)(1)(A) and Supplemental Rule G(7)(a), the Subject Properties are hereby RESTRAINED forthwith.

2. All persons, including and specifically those affiliated with AlphaBay, Alexandre Cazes or one of Cazes' shell companies, their agents, servants, employees, attorneys, assignees, family members, partners, associates and those persons in active concert or participation with them, and anyone holding any interest in the Subject Properties, be and are hereby ENJOINED AND RESTRAINED forthwith from transferring, selling, assigning, pledging, distributing, giving away, encumbering or otherwise participating in the disposal of (by transfer of securities, currency, cryptocurrency or otherwise) or removal from the jurisdiction of this Court, any interest whatsoever, direct or indirect, in the Subject Properties, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as specified in this Order or any future Orders entered by this Court.

2. All persons, including and specifically those affiliated with AlphaBay, Alexandre Cazes or one of Alexandre Cazes' shell companies, their agents, servants, employees, attorneys, assignees, family members, partners, associates and those persons in active concert or participation with them, and anyone holding any interest in the Subject Properties, may not in any way dispose of, deal with or take any action that would diminish the value of the Subject Properties, including, but not limited to, transferring the proceeds generated from renting the Subject Properties to Alexandre Cazes, his family members or associates, or one of his shell companies.

3. The terms of this Order shall remain in full force and effect until otherwise ordered by this Court.

4. The United States shall make its best efforts to provide a copy of this Court's Order on Potential Claimants, the known beneficial owners of the Subject Properties, the management companies operating and renting the Subject Properties, and to anyone else known to the United States as holding a protected interest in the Specified Properties.

5. The United States may request and seek the assistance of foreign authorities, including the Kingdom of Thailand, Republic of Cyprus, and Antigua and Barbuda, in enforcing the provisions of this order.

6. Any rental proceeds generated from the Subject Properties shall be held by the management company in a separate, segregated bank account and the management company shall provide quarterly balances to the United States. In addition, the management companies shall terminate any existing association to pay rental proceeds to Cazes.

7. The Court finds that the entry of this protective order vests the Court with *in rem* jurisdiction over the Subject Properties.

IT IS SO ORDERED.

Dated: **October 30, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE